11GAUDIN, Judge.
Deborah Mahoney was convicted of possession of cocaine, LSA — R.S. 40:967(C), and sentenced as a multiple offender to four years at hard labor. We affirm the conviction but remand for resentencing.
Mahoney was convicted solely on the testimony of Deputy Johnny Dykes, who said he entered Club James on April 9,1994 and saw Mahoney drop a plastic bag from her right hand. A field test and a subsequent laboratory test showed that the plastic bag contained white rock cocaine.
Deputy Dykes said that when he saw Ma-honey drop the plastic bag, lights in the club were on and that he was approximately 10 feet away with a clear, unobstructed view. He further testified that there was nothing else on the floor he could have confused the plastic bag with.
Although appellant and two other club patrons testified differently, the jury saw and heard all witnesses and could have legally and reasonably concluded that the police officer’s version was more reliable. The Louisiana Supreme Court and this Court have repeatedly stated that the fact-finder’s role is to weigh credibility of witnesses; an appellate court will not second-guess such determinations. See State v. Rosiere, 488 So.2d 965 (La.1986); also, State v. Sampson, 656 So.2d 1085 (La.App. 5 Cir.1995).
Accordingly, we hold that fact-finding jurors can accept as true the testimony of one witness although this testimony is contradicted by several other witnesses.
We did find one error patent. Prior to being sentenced as a multiple l2offender, Mahoney’s rights were not explained. The record does not indicate that these rights were waived. We therefore remand for re-sentencing.
*1070 Although the excessiveness of Mahoney’s sentence is not now before this Court, it appears that four years could be excessive, under the facts and circumstances of this case, for possession of cocaine.
CONVICTION AFFIRMED; REMANDED FOR RE-SENTENCING.